UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| RAFAEL BERMUDES-SANCHEZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No.: 1:19-CV-338-CLC-SKL |
| ) | |
| UNITED STATES OF AMERICA, ) | Judge Collier |
| ) | |
| Respondent. ) | |

## **M E M O R A N D U M**

Before the Court is Petitioner Rafael Bermudes-Sanchez's pro se motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Doc. 1.) Because it plainly appears from the motion and record that Petitioner is not entitled to relief, the Court must dismiss the motion. *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings.

In 2007, Petitioner pleaded guilty to conspiracy to distribute cocaine hydrochloride in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(C) and possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c). (Docs. 21, 87, 105 at 1–2 in No. 1:06-cr-30.) He was sentenced to a total term of imprisonment of 211 months, consisting of 151 months on the former count and sixty months on the latter, to be served consecutively.[1] (Doc. 105 at 3 in No. 1:06-cr-30.)

Petitioner seeks relief on the grounds that 18 U.S.C. § 924(c) is unconstitutionally vague. Section 924(c) sets mandatory minimum sentences for "any person who, during and in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a

---

[1] In 2017, this Court reduced Petitioner's sentence to two hundred months under 18 U.S.C. § 3582(c)(2). (Doc. 137 in Case No. 1:06-cr-30.)

court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm . . . ." 18 U.S.C. § 924(c)(1)(A). Petitioner invokes the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), holding that the definition of "crime of violence" in 18 U.S.C. § 924(c)(3) was unconstitutionally vague. (Doc. 1 at 2.) Petitioner acknowledges *Davis* does not apply to his case; his § 924(c) conviction involved possession of a firearm in furtherance of a drug trafficking crime, not in furtherance of a crime of violence. (*Id.*) He argues, however, that there is similar unconstitutional vagueness as to whether the predicate drug trafficking crime must be a state crime or a federal crime. (*Id.* at 2–3.) Specifically, he argues that the drug trafficking crime in his case began as a state crime, and only became a federal crime upon issuance of a federal indictment. (*Id.* at 4–8.)

A petitioner's sentence must be vacated and set aside if the Court finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack . . . ." 28 U.S.C. § 2255. At this initial stage of the proceedings, the Court must consider whether it plainly appears from the motion and record that the petitioner is not entitled to relief. *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings.

The language Petitioner attacks is neither vague nor ambiguous. In order to come under the statute, a crime of violence or drug trafficking crime must be one "for which the person ***may*** be prosecuted in a court of the United States." 18 U.S.C. § 924(c)(1)(A) (emphasis added). The crucial question is whether conduct is of a kind that ***can*** be prosecuted in federal court, not whether it ***is*** being prosecuted in federal court at any given time. Petitioner's conduct was not a state drug trafficking crime that later turned into a federal drug trafficking crime. Rather, his conduct

2

constituted both a state drug trafficking crime and a federal drug trafficking when he committed it. This is true whether the state government or the United States was the first to bring charges against him for it. In fact, the conduct he committed was, at the very moment he committed it, and regardless of whether any government knew about it, a drug trafficking crime that *could* be prosecuted in a court of the United States. There is no unconstitutional vagueness in this language.

Because it plainly appears from the motion and record that Petitioner is not entitled to relief under § 2255, his § 2255 motion (Doc. 1) will be **DENIED**.

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability ("COA") should be granted. A COA should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To warrant a grant of a COA, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473 (2000). The Court finds that reasonable jurists could not conclude that Petitioner's claims deserve further review, as Petitioner has failed to make a substantial showing of the denial of a constitutional right and reasonable jurists would not debate the Court's finding that Petitioner is not entitled to relief under § 2255. Accordingly, a COA will not issue. Further, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Accordingly, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Fed. R. App. P. 24.

**An appropriate Order will issue.**

/s/
**CURTIS L. COLLIER
UNITED STATES DISTRICT JUDGE**